No. 25-5205

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

STATE OF TENNESSEE, et al,

*Plaintiffs-Appellees*,

and

CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL; A.C., by her next friend and mother, Abigail Cross,

*Intervenors-Plaintiffs-Appellees*,

v.

LINDA MCMAHON, in her official capacity as Secretary of Education, et al.,

*Defendants-Appellees,*

and

VICTIM RIGHTS LAW CENTER; JANE DOE,

*Proposed Intervenors-Defendants-Appellants.*

On Appeal from the United States District Court
for the Eastern District of Kentucky
Case No. 2:24-cv-00072-DCR-CJS

## JOINT RESPONSE TO MOTION FOR REMAND

JONATHAN SKRMETTI
  *Attorney General of Tennessee*
J. MATTHEW RICE
  *Solicitor General*
WHITNEY D. HERMANDORFER
OFFICE OF THE TENNESSEE
ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202
(615) 741-8726
Whitney.Hermandorfer@ag.tn.gov

*Counsel for State of Tennessee*

JOHN J. BURSCH
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

*Counsel for Intervenors-Appellees
Christian Educators Association
Int'l and A.C.*

*Additional counsel listed in signature block

# INTRODUCTION

Proposed Intervenors Victim Rights Law Center and Jane Roe (collectively, VRLC) sought intervention below to appeal a final judgment won by Plaintiff States and Plaintiff Intervenors but not appealed by Defendants. VRLC filed this motion post-judgment and mere days before the appeal deadline, giving the district court little time to act. When that deadline came, the district court had not ruled on the motion to intervene, so VRLC filed a standalone notice of appeal with no explanation. Reasonably believing that the notice-of-appeal filing had divested it of jurisdiction, the district court denied VRLC's motion to intervene as moot. VRLC now seeks a remand instructing the district court to decide its intervention motion. Plaintiff States and Plaintiff Intervenors agree that it would be best for the district court to address intervention on the merits prior to any further proceedings. This Court should either abate this appeal or dismiss the appeal without prejudice to renewing it and remand this case to the district court for the limited purpose of resolving VRLC's motion to intervene on the merits. It should decide nothing more now.

# BACKGROUND

Nearly one year ago, the U.S. Department of Education issued a final rule revamping the regulations that implement Title IX. Mem. Op. & Order (Op.) 1, *Tennessee v. Cardona*, No. 2:24-cv-00072 (E.D. Ky. Jan.

9, 2025), ECF No. 143; see *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33474 (Apr. 29, 2024). Among other things, that rule attempted to redefine sex discrimination under Title IX to include discrimination on the basis of "sexual orientation and gender identity," and it imposed a new de-minimis-harm standard—found nowhere in Title IX—that elevated protection for these traits over an individual's sex. Op. 2.

Plaintiffs challenged those unprecedented requirements. Plaintiffs include the States of Tennessee, Ohio, Indiana, and West Virginia, and the Commonwealths of Kentucky and Virginia. *Id.* at 3. Almost immediately, Christian Educators Association International and A.C., a 15-year-old female student-athlete, intervened as co-plaintiffs. *Id.* These parties (collectively, "Plaintiffs") sought a preliminary injunction. After an evidentiary hearing, the district court entered an order preliminarily enjoining the rule's enforcement entirely. *Id.* at 1. The Department appealed and requested a partial injunction pending appeal, which this Court denied. Order, *Tennessee v. Cardona*, No. 24-5588 (6th Cir. July 17, 2024). The Department then sought the same relief at the Supreme Court, which likewise denied its request for a partial injunction pending appeal. *See Dep't of Educ. v. Louisiana*, 603 U.S. 866, 868 (2024) (per curiam).

The case progressed below, and the parties moved for summary judgment. While those motions were pending, President Trump won election and announced his plans to abandon the rule: "We're gonna end it

3

on Day 1"; "[i]t'll be terminated." Mark Walsh, *The Uncertainty Ahead for Title IX and Transgender Students in Trump's New Term*, Education Week (Nov. 21, 2024), https://perma.cc/7D4A-E4CC; *see id.* (quoting counsel for proposed Intervenor-Defendant-Appellant Victim Rights Law Center). Then, on January 9, 2025, the district court issued a final order and judgment for Plaintiffs—vacating the rule. Op. 15; Judgment, *Tennessee v. Cardona*, No. 2:24-cv-00072 (E.D. Ky. Jan. 9, 2025), ECF No. 144.

This ruling triggered a 60-day appeal deadline. Weeks later, on January 31, 2025, the Department issued a "Dear Colleague Letter" announcing that it would begin enforcing a prior Title IX rule consistent with applicable law. Off. for Civ. Rts., U.S. Dep't of Educ., *Dear Colleague Letter on Title IX Enforcement* 1 (as amended Feb. 4, 2025), https://perma.cc/2E6D-LH4K; *see Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Funding Assistance*, 85 Fed. Reg. 30,026 (May 19, 2020) ("2020 Rule"). Then the U.S. District Court for the Northern District of Texas separately vacated the 2024 rule nationwide. Order 8, *Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, 4:24-cv-00461-O, (N.D. Tex. Feb. 19, 2025), ECF No. 86.

Finally, on February 28, 2025, VRLC moved to intervene, to expedite briefing, and to extend the appeal deadline. *Tennessee v. Cardona*, No. 2:24-cv-00072 (E.D. Ky. Jan. 9, 2025), ECF Nos. 164–66. It seeks to

4

appeal the final judgment below. Plaintiffs and the United States opposed VRLC's intervention on the ground that VRLC lacks Article III standing to pursue an independent appeal and fails to satisfy the Rule 24 intervention factors. But during briefing, the appeal deadline came, and VRLC noticed an appeal. *Id.*, ECF No. 181. Such a move, caselaw indicates, deprived the district court of "jurisdiction to resolve [VRLC's] motion to intervene." *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012); *accord Roe v. Town of Highland*, 909 F.2d 1097, 1100 (7th Cir. 1990). So the court dismissed that motion as moot. Order 2–3, *Tennessee v. Cardona*, No. 2:24-cv-00072 (E.D. Ky. Mar. 14, 2025), ECF No. 185.

VRLC now moves for remand. ECF No. 7–1. It asks this Court to retain jurisdiction over this appeal, hold it in abeyance, and remand to the district court for the limited purpose of resolving VRLC's motion to intervene on the merits, or do the same after dismissing the present appeal without prejudice to refiling. *Id.* at 12. VRLC says the parties could then brief any appeal from the intervention order and from final judgment. *Id.* Alternatively, VRLC asks to proceed with this appeal of both the final judgment and the district court's denial of its motion to intervene. *Id.* Plaintiffs do not oppose remand a to resolve VRLC's motion to intervene on the merits, but this Court should decide nothing more now.

5

# ARGUMENT

This Court should hold this appeal in abeyance or dismiss the appeal without prejudice and remand to the district court for the limited purpose of resolving VRLC's motion to intervene on the merits. That course would clarify the most jurisdictionally sound path forward and streamline any forthcoming appellate proceedings. This Court should decide nothing more now, including the proper scope of any future appeals.

## I. This Court should remand to the district court for the limited purpose of resolving VRLC's motion to intervene on the merits.

This Court may remand a matter to the district court to decide a motion to intervene. *Taylor*, 680 F.3d at 617 n.12. When parties try to intervene late in the appeal window, district courts are hard-pressed to resolve the motion before the appeal deadline passes. They lack "sufficient opportunity" to do so. *Id.* at 617. That was true here. VRLC waited until the eleventh hour before moving to intervene. This allowed mere days to fully brief and resolve its motion. So VRLC had to take "reasonable" steps to preserve its rights. *Id.* at 617 n.12. VRLC moved to expedite briefing and extend the appeal deadline. *Cf. id.* at 616–17. But VRLC then timely lodged a notice of appeal. *Cf. Roe*, 909 F.2d at 1100. Because that notice removed jurisdiction below, the district court "was correct to deny [VRLC's] motion to intervene." *Taylor*, 680 F.3d at 616.

Plaintiffs do not oppose a "remand … to the district court to address [VRLC's] motion" to intervene. *Id.* at 617 n.12. In general, this Court does

"not decide issues … in the first instance." *Schuler v. Adams*, 27 F.4th 1203, 1209 (6th Cir. 2022). Intervention is no exception. Deciding a motion to intervene requires an exercise of discretion and possible factfinding. Not only must courts exercise "discretion" as to the request's "timeliness," *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000), when the proposed intervenor files late after final judgment and no principal party seeks to appeal, the proposed intervenor must also satisfy Article III standing, *Chapman v. Tristar Prods., Inc.*, 940 F.3d 299, 304 (6th Cir. 2019). And it must do so based on the evidentiary standard relevant to the stage of the case—here, requiring evidence to sustain final judgment. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 n.21 (1982). The district court "is best positioned to" decide such fact-bound issues in the first instance. *Fair Hous. Ctr. of Metro. Detroit v. Singh Senior Living, LLC*, 124 F.4th 990, 993 (6th Cir. 2025).

Remand is practical here. This Court should either hold this appeal in abeyance or dismiss the appeal without prejudice to re-docketing it should VRLC become a proper party, and remand this matter to the district court for the limited purpose of resolving VRLC's motion to intervene on the merits.

## II. This Court should decide nothing else now.

Deciding anything more is premature. Whether VRLC preserved its right to be heard on its motion to intervene is a distinct issue from the

merits of its intervention request. If VRLC's motion to intervene is denied, VRLC would be "prohibited from appealing anything but the order denying intervention"; this Court would lack jurisdiction to decide anything further. *E.g.*, *United States v. Michigan*, Nos. 23-1944 & 23-1971, 2025 WL 764613, at *2 (6th Cir. Mar. 11, 2025); *see id.* at *3–*5 (dismissing appeal for lack of appellate jurisdiction where proposed intervenor had failed to "properly become a party"). If VRLC's intervention motion is ultimately granted, VRLC "may then seek" other relief, including an appeal from final judgment. *Drywall Tapers & Pointers of Greater N.Y., Loc. Union 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 95 (2d Cir. 2007); *see Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled.").

Either way, this Court would benefit from hearing from the district court on the merits of intervention first. Doing so would help clarify whether this Court has jurisdiction to review the merits question subject to the presently pending appeal. And it would ensure that any appellate review of the intervention decision would come following the district court's full consideration of the factual record and other discretionary factors relevant to the standing and Rule 24 inquiries.

# CONCLUSION

This Court should either abate or dismiss this appeal without prejudice and remand to the district court for the limited purpose of resolving VRLC's motion to intervene on the merits. It should decide nothing more now.

Dated: March 21, 2025

Respectfully submitted,

JONATHAN SKRMETTI
  *Attorney General and Reporter*

*/s/ Whitney D. Hermandorfer*
J. MATTHEW RICE
  *Solicitor General*
WHITNEY D. HERMANDORFER
  *Director of Strategic Litigation*
HARRISON GRAY KILGORE
VIRGINIA N. ADAMSON
  *Strategic Litigation Counsel &*
  *Assistant Solicitors General*
OFFICE OF THE TENNESSEE
ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202
(615) 741-8726
Whitney.Hermandorfer@ag.tn.gov

*Counsel for State of Tennessee*

RUSSELL COLEMAN
  *Attorney General of Kentucky*

*/s/ Matthew F. Kuhn*
MATTHEW F. KUHN
  *Solicitor General*

*/s/ Jacob P. Warner*
JONATHAN A. SCRUGGS
JACOB P. WARNER
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jscruggs@ADFlegal.org
jwarner@ADFlegal.org

JOHN J. BURSCH
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(616) 450-4235
jbursch@ADFlegal.org

*Counsel for Intervenors-Appellees Christian Educators Association Int'l and A.C.*

DAVE YOST
  *Attorney General*

*/s/ T. Elliot Gaiser*
T. ELLIOT GAISER
  *Solicitor General*

9

JOHN H. HEYBURN
  *Principal Deputy Solicitor
  General*
OFFICE OF THE KENTUCKY
ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, KY 40601
(502) 696-5300
matt.kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

THEODORE E. ROKITA
  *Attorney General*

*/s/ James A. Barta*
JAMES A. BARTA
  *Solicitor General*
CORRINE L. YOUNGS
  *Policy Director & Legislative
  Counsel*
JOSHUA DAVID
  *Deputy Attorney General – Policy*
INDIANA ATTORNEY GENERAL'S
OFFICE
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-0709
james.barta@atg.in.gov

*Counsel for State of Indiana*

MATHURA SRIDHARAN
  *Deputy Solicitor General*
OFFICE OF THE OHIO ATTORNEY
GENERAL
30 East Broad Street, 17th Floor
Columbus, OH 43215
(614) 466-8980
thomas.gaiser@ohioago.gov

*Counsel for State of Ohio*

JASON S. MIYARES
  *Attorney General*

*/s/ Kevin M. Gallagher*
KEVIN M. GALLAGHER
  *Principal Deputy Solicitor
  General*
VIRGINIA ATTORNEY GENERAL'S
OFFICE
202 N. 9th Street
Richmond, VA 23219
(804) 786-2071
kgallagher@oag.state.va.us

*Counsel for Commonwealth of Virginia*

JOHN B. MCCUSKEY
  *Attorney General*

*/s/ Michael R. Williams*
MICHAEL R. WILLIAMS
  *Solicitor General*
OFFICE OF WEST VIRGINIA
ATTORNEY GENERAL
State Capitol, Bldg. 1, Room E-26
1900 Kanawha Blvd. E.
Charleston, WV 25305
(304) 558-2021
michael.r.williams@wvago.gov

*Counsel for State of West Virginia*

# CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,687 words, excluding parts exempted by Fed. R. App. P. 32(f).

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), as required by Fed. R. App. P. 27(d)(1)(E) because this response has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: March 21, 2025

          *s/Jacob P. Warner*
          Jacob P. Warner
          *Counsel for Intervenors-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

*s/Jacob P. Warner*
Jacob P. Warner
*Counsel for Intervenors-Appellees*
