Nos. 25-5205/5206

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 10, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| STATE OF TENNESSEE, et al., ) | |
| ) | |
|    Plaintiffs-Appellees, ) | |
| ) | |
| and ) | |
| ) | |
| CHRISTIAN EDUCATORS ASSOCIATION ) | |
| INTERNATIONAL, et al., ) | |
| ) | |
|    Intervenor – Plaintiffs-Appellees, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| LINDA McMAHON, in her official capacity as ) | |
| Secretary of Education, et al., ) | |
| ) | |
|    Defendants-Appellees, ) | |
| ) | |
| and ) | |
| ) | |
| VICTIM RIGHTS LAW CENTER, et al. (25- ) | |
| 5205), A BETTER BALANCE (25-5206), ) | |
| ) | |
|    Proposed Intervenors – Defendants- ) | |
|    Appellants. ) | |

Before: MOORE, COLE, and GRIFFIN, Circuit Judges.

Proposed Intervenor Defendants Jane Doe and the Victim Rights Law Center (collectively, "VRLC") and A Better Balance ("ABB") separately appeal a judgment vacating the Department

of Education's final rule redefining the meaning of discrimination on the basis of sex and expanding the scope of hostile environment harassment under Title XI. VRLC and ABB move to remand, asking the court to retain jurisdiction over their respective appeals, remand for the limited purpose of allowing the district court to rule on the merits of their intervention motions, and hold their appeals in abeyance pending adjudication of those motions. Defendants—Secretary of Education Linda McMahon, the U.S. Department of Education, and six states—and intervenor plaintiffs—A.C., by her next friend and mother Abigail Cross, and the Christian Educators Association International (collectively, "CEAI")—respond.

Those adversely affected by a district court's order may move to intervene, post-judgment, where the named parties do not intend to file an appeal. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 392−96 (1977). But a "timely post-judgment motion to intervene may not always be resolved before a notice of appeal is due." *Taylor v. KeyCorp.*, 680 F.3d 609, 616 (6th Cir. 2012). To avoid losing the right to appeal, we allow two alternatives: (1) the intervenor may file an emergency motion detailing the need for a prompt ruling so that a timely appeal may be filed upon a ruling on the motion to intervene; or (2) the intervenor may seek an extension of time in which to file an appeal, thus giving the district court sufficient time to rule on the motion to intervene before the time to appeal expires. *Id.* (citing with approval *Roe v. Town of Highland*, 909 F.2d 1097, 1099−1100 (7th Cir. 1990)). Should that enlarged time expire, the intervenor should file a timely appeal, and we may remand for the purpose of ruling on that motion. *Roe*, 909 F.2d at 1100.

Whether to remand for a ruling on the motion to intervene lies within our discretion. *Taylor*, 680 F.3d at 617 n. 12. We will decline to do so if the moving party "failed to give the district court sufficient time to address the motion" or "failed to take any reasonable action to allow for the district court's consideration." *Id.* That is not the case here.

VRLC and ABB followed the steps we outlined for protecting their right to appeal. Both sought to intervene at least ten days before the time to appeal expired, alerted the district court to the necessity of a prompt ruling, and sought to extend the time to file an appeal. That is sufficient where a portion of their time to appeal lapsed before they learned the Government did not intend to pursue an appeal, and the district court expeditiously adjudicated CEAI's pre-judgment motion to intervene.

Accordingly, the motions to remand are **GRANTED**. These appeals are **REMANDED** for the limited purpose of permitting the district court to adjudicate the parties' motions to intervene. These appeals are held in **ABEYANCE** pending a ruling on the motions to intervene by the district court. VRLC and ABB are **DIRECTED** to file status reports with the court thirty (30) days following entry of this order, and every thirty (30) days thereafter, setting forth the status of the proceedings on remand. VLRB and ABB shall **NOTIFY** the court within thirty (30) days of the district court's adjudication of their motions to intervene, at which time the Clerk shall **REINSTATE** these appeals to the active docket.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk