# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| STATE OF TENNESSEE, et al.,<br>    Plaintiffs-Appellees,<br>        and<br><br>CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL; A.C., by her next friend and mother Next Friend, Abigail Cross,<br>    Intervenors-Plaintiffs-Appellees,<br>        v.<br><br>LINDA MCMAHON, et al.,<br>    Defendants-Appellees,<br>        and<br><br>VICTIM RIGHTS LAW CENTER, et al.,<br>    Proposed Intervenors-Defendants-Appellants. | No. 25-5205 |
| STATE OF TENNESSEE, et al.,<br>    Plaintiffs-Appellees,<br>        and<br><br>CHRISTIAN EDUCATORS ASSOCIATION INTERNATIONAL; A.C., by her next friend and mother Next Friend, Abigail Cross,<br>    Intervenors-Plaintiffs-Appellees,<br>        v.<br><br>LINDA MCMAHON, et al.,<br>    Defendants-Appellees,<br>        and<br><br>A BETTER BALANCE,<br>    Proposed Intervenor-Defendant-Appellant. | Nos. 25-5206 |

## THE FEDERAL GOVERNMENT'S UNOPPOSED MOTION TO CONSOLIDATE MATTERS FOR BRIEFING AND ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 27, the federal government hereby moves to consolidate the matters currently pending before this Court in *Tennessee v. McMahon*, No. 25-5205, and *Tennessee v. McMahon*, No. 25-5206, for

purposes of briefing and argument. Good cause exists for consolidation, and no party opposes the request.

1. This litigation arises from a 2024 Department of Education rule that made certain changes to the Department's regulations implementing Title IX of the Education Amendments of 1972. *See Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33,474 (Apr. 29, 2024) (Rule). A group of states challenged the Rule (the plaintiffs), and an association representing religious educators as well as a high-school student intervened to join the challenge (the plaintiff-intervenors). After protracted litigation before the district court, this Court, and the Supreme Court, the district court ultimately vacated the Rule in its entirety on January 9, 2025. *See* DE143, at 1.[1] On February 19, 2025, the United States District Court for the Northern District of Texas also vacated the Rule. *See Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, 2025 WL 1782572 (N.D. Tex. Feb. 19, 2025).

2. Prior to the expiration of the 60-day period for the federal government to appeal the district court's adverse decision, two organizations—A Better Balance and the Victim Rights Law Center (proposed-intervenors)—moved to intervene in the matter so they could appeal aspects of the decision. *See* DE152, DE164. The federal government, plaintiffs, and plaintiff-intervenors opposed the intervention requests on

---

[1] Numbered docket entries in the district court case, No. 2:24-cv-00072, are abbreviated "DE#, at #."

the ground that the organizations lacked Article III standing as required to maintain an appeal. On March 10, 2025, the proposed-intervenors filed notices of appeal, DE181, DE182, which were docketed in this Court as *Tennessee v. McMahon*, No. 25-5205 (Victim Rights Law Center), and *Tennessee v. McMahon*, No. 25-5206 (A Better Balance). Following the filing of the appeal notices, the district court concluded that the notices divested it of jurisdiction over the pending motions to intervene and denied the motions as moot. DE185.[2]

3. In October 2025, this Court remanded both pending appeals "for the limited purpose of permitting the district court to adjudicate the parties' motions to intervene." Order, Nos. 25-5205, 25-5206 (Oct. 10, 2025). On February 25, 2026, the district court denied the intervention motions, explaining that "the proposed intervenors lack Article III standing." DE234, at 1. The matters then returned to this Court, which set parallel briefing schedules in each case: The proposed-intervenors' opening briefs are due on April 13, and the response briefs of the federal government, plaintiffs, and plaintiff-intervenors are due on May 12.

4. The federal government respectfully moves to consolidate the matters for purposes of briefing and argument. In light of the overlap in the two appeals, consolidation will serve the interest of judicial economy and prejudice no party to the actions. In both appeals the central merits question concerns whether the proposed-

---

[2] The federal government did not appeal the district court's vacatur decision.

3

intervenors established Article III standing to intervene for purposes of appeal under principles of organizational standing. The analysis in both cases thus largely overlaps. In fact, the matters were briefed together below, and the district court decided the issue in a single decision. Consolidating the matters would avoid the need for the parties opposing intervention—i.e., the federal government, plaintiffs, and plaintiff-intervenors—to file two sets of responsive briefings with largely overlapping arguments. And it would obviate the need for this Court to hold separate arguments on what is essentially a single issue. This Court has also already set a parallel briefing schedule for the appeals, so consolidation would cause no change to the parties' briefing deadlines.

5. Were consolidation granted, the federal government would propose that in the consolidated action each proposed-intervenor would file its own opening brief. Each party opposing interventions—again, the federal government, plaintiffs, and plaintiff-intervenors—would then each file a response brief, and the proposed-intervenors would then each file a reply brief. This proposed briefing schedule is eminently workable, as evidenced by the fact that it closely matches the schedule that the Fifth Circuit utilized in hearing a parallel case in which these same proposed-intervenors appealed a district court decision holding that they lacked standing to intervene to challenge vacatur of the Rule. *See Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, No. 25-10651 (5th Cir.).

6. Counsel for the proposed-intervenors, plaintiffs, and plaintiff-intervenors informed the undersigned that no party opposes the proposed consolidation request.

Respectfully submitted,

CHARLES W. SCARBOROUGH
/s/ *David L. Peters*
STEVEN A. MYERS
DAVID L. PETERS
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 598-6735*

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ David L. Peters*
David L. Peters

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this filing complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 767 words, according to Microsoft Word.

/s/ *David L. Peters*
David L. Peters